UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN TRAINOR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-473** |
| **BURL CAIN** | **SECTION "E"(3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Kevin Trainor, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On April 14, 2004, he was convicted of second degree murder under Louisiana law.[1] On June 7, 2004, he was sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[2] On January 11, 2006, the Louisiana Fourth

---

[1] State Rec., Vol. 6 of 8, trial transcript, p. 213; State Rec., Vol. 3 of 8, minute entry dated April 14, 2004; State Rec., Vol. 5 of 8, jury verdict form.
[2] State Rec., Vol. 6 of 8, sentencing transcript; State Rec., Vol. 3 of 8, minute entry dated June 7, 2004.

Circuit Court of Appeal affirmed his conviction and sentence.[3] The Louisiana Supreme Court then denied his related writ application on September 22, 2006.[4]

On July 12, 2007, petitioner filed with the state district court a post-conviction application,[5] which he later supplemented.[6] The application was originally denied as untimely on October 5, 2012;[7] however, the Louisiana Fourth Circuit Court of Appeal vacated that judgment and remanded the matter.[8] On May 7, 2013, the state district court then denied relief on the merits.[9] His related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal on June 13, 2013,[10] and by the Louisiana Supreme Court on January 27, 2014.[11]

On March 4, 2014, petitioner filed the instant federal application seeking *habeas corpus* relief.[12] The state concedes that the application is timely but argues that it should be dismissed because petitioner failed to exhaust his remedies in the state courts.[13] Petitioner has filed a reply to the state's response.[14]

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted). The United States Supreme Court has explained:

---

[3] State v. Trainor, No. 2004-KA-1931 (La. App. 4th Cir. Jan. 11, 2006) (unpublished); State Rec., Vol. 5 of 8.
[4] State v. Trainor, 937 So.2d 375 (La. 2006); State Rec., Vol. 5 of 8.
[5] State Rec., Vol. 3 of 8.
[6] State Rec., Vol. 3 of 8.
[7] State Rec., Vol. 7 of 8, Judgment dated October 15, 2012.
[8] State v. Trainor, No. 2012-K-1569 (La. App. 4th Cir. Nov. 16, 2012); State Rec., Vol. 7 of 8.
[9] State Rec., Vol. 8 of 8, Judgment dated May 7, 2013.
[10] State v. Trainor, No. 2013-K-0796 (La. App. 4th Cir. June 13, 2013); State Rec., Vol. 8 of 8.
[11] State *ex rel.* Trainor v. State, 131 So.3d 55 (La. 2014); State Rec., Vol. 8 of 8.
[12] Rec. Doc. 3.
[13] Rec. Doc. 16.
[14] Rec. Doc. 17.

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

Therefore, for the federal exhaustion requirement to be met, "a petitioner must have fairly presented the substance of his claim[s] to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In his federal application, petitioner asserts two claims: (1) his federal constitutional right to a speedy trial was violated; and (2) his confession was erroneously admitted at trial. The state argues that neither of those claims is exhausted.

With respect to petitioner's first claim, the state argues that the claim is unexhausted because, in the state courts, petitioner argued only that his right to a speedy trial under *state* law was violated. If petitioner had presented only a *state* speedy trial claim to the state courts, that would not suffice to constitute exhaustion of a *federal* speedy trial claim. Rather, a petitioner must alert the state's highest court to "the federal nature of his claim," and he does not do so if he asserts only a "somewhat similar state-law claim." Kittleson v. Dretke, 426 F.3d 306, 315 (5th Cir. 2005).

Nevertheless, the undersigned rejects the state's argument concerning petitioner's first claim. It is true, and petitioner concedes,[15] that his direct-review writ application in Louisiana Supreme Court Case No. 06-K-364 presented only a state-law speedy trial claim.[16] However, as petitioner correctly notes in his reply to the state's response, he expressly asserted a *federal* speedy trial claim in his *collateral*-review writ application in Louisiana Supreme Court Case No. 13-KH-1650.[17] Therefore, the undersigned finds that petitioner's federal speedy trial claim is exhausted.

That said, it is also clear that the state is correct in arguing that petitioner's second claim challenging the admission of his confession is unexhausted. Although petitioner asserted that claim to the Louisiana Fourth Circuit Court of Appeal on direct appeal, he omitted the claim in his direct-review writ application in Louisiana Supreme Court Case No. 06-K-364. The claim likewise does not appear in his collateral-review writ application in Louisiana Supreme Court Case No. 13-KH-1650. Because he has never presented his second claim to the Louisiana Supreme Court, it is obviously unexhausted.

In light of the foregoing, the undersigned finds that only one of petitioner's two claims is exhausted. As a result, the petition should be dismissed. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Kevin Trainor be **DISMISSED WITHOUT PREJUDICE**.

---

[15] Rec. Doc. 17, p. 3.
[16] A copy of that writ application appears in Volume 5 of the state court record.
[17] A copy of that writ application appears in Volume 8 of the state court record.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of September, 2015.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**